IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES LESCOE, | : | 4:09-cv-839 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Malachy E. Mannion |
| PENNSYLVANIA DEPARTMENT | : | |
| OF CORRECTIONS- SCI– | : | |
| FRACKVILLE, | : | |
| Defendant. | : | |

## MEMORANDUM

### March 30, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc. 32), filed on March 5, 2011, which recommends that we grant the Motion for Summary Judgment (Doc. 18) of Defendant Pennsylvania Department of Corrections- SCI–Frackville ("Defendant").

Plaintiff Charles Lescoe ("Plaintiff" or "Lescoe") filed objections to the R&R and a brief in support thereof on March 24, 2011.  (Docs. 33, 34).  For the reasons that follow, we shall overrule the Plaintiff's objections and adopt the R&R in its entirety.

**I.      STANDARDS OF REVIEW**

A. **Review of Magistrate Judge's R&R**

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

B. **Summary Judgment**

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the

moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

### III. DISCUSSION

#### A. PROCEDURAL HISTORY

Plaintiff commenced the instant case through the filing of a civil complaint on May 4, 2009 wherein he alleges the following: (1) Count I: Discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 10221 *et seq.*; (2) Count II: Violation of the Americans with Disabilities Act – Termination; (3) Count III: Violation of the Pennsylvania Human Relations Act, ("PHRA"), 43 P.S. § 955(a); (4) Count IV: Intentional Infliction of Emotional Distress; and (5) Count V: Constructive Discharge. (Doc. 1). Defendant filed an answer to the complaint on July 6, 2009. (Doc. 8).

On April 1, 2010 Defendant filed the instant motion for summary judgment, (Doc. 18), and we referred the same to Magistrate Judge Mannion on April 13,

2010. (Doc. 20). Defendant filed a brief in support on April 15, 2010, (Doc. 22), and Plaintiff filed a brief in opposition, (Doc. 26), on May 28, 2010. Defendant filed a reply brief in further support of its motion on June 18, 2010. (Doc. 30).

### B. FACTUAL BACKGROUND

Due to the nature of the extensive factual allegations in the case *sub judice*, we shall only provide a brief recitation of the facts that are pertinent to our review of the R&R. The facts of this case involve a detailed chronology of Plaintiff's tenure as an employee with the Department of Corrections ("DOC") at SCI–Frackville since March 2006 when he became a full-time employee as a Corrections Officer Trainee ("COT"). To obtain employment Plaintiff passed a medical examination and various physical tests which were a condition of employment. Plaintiff also participated in a five week long training academy operated by the DOC which instructed COTs about the policies and procedures for working at a DOC facility. On August 26, 2006, Plaintiff resigned from his employment with the DOC. Plaintiff alleges he experienced the underlying discrimination that is the subject of the instant litigation from March of 2006 to August 26, 2006.

### B. RECOMMENDATION

Within the R&R, Magistrate Judge Mannion noted that in Plaintiff's brief in opposition to Defendant's motion for summary judgment, Plaintiff failed to respond to Defendant's argument that it is entitled to state sovereign immunity on Counts IV and V. Magistrate Judge Mannion concluded that because Plaintiff failed to address this argument, he is deemed not to oppose Defendant's motion regarding this issue and as a result, summary judgment should be granted concerning Counts IV and V.

As to Counts I through III of Plaintiff's complaint, Magistrate Judge Mannion analyzed whether Plaintiff had established that he is disabled within the meaning of the ADA. After noting the applicability of the McDonnell Douglas burden-shifting framework to Plaintiff's ADA and PHRA claims, Magistrate Judge Mannion recommended that Defendant's motion for summary judgment be granted regarding Counts I through III because Plaintiff failed to establish, by a preponderance of the evidence, prima facie evidence that he was a qualified individual with a disability under the ADA or the PHRA. (*See* Doc. 32).

    **C.**    **OBJECTIONS TO THE R&R**

Plaintiff's objections to the R&R claim that the Magistrate Judge erred as to the following: (1) determining that Plaintiff failed to meet the requirements of the ADA; (2) stating that the Plaintiff had failed to show how his everyday life was

affected by his disability; (3) accepting as true all of the Defendant's statements as undisputed facts; (4) failing to credit Plaintiff's affidavit but relying on the deposition of Defendant; (5) failing to recognize that morbid obesity is a psychological disorder; and (6) stating that there is no evidence that Plaintiff was treated differently than any other COT as a result of an alleged perception of disability.  (Doc. 33 at 1-2).  Plaintiff's objections to the R&R can be summarized as a general objection to the finding that Plaintiff failed to establish that his obesity constitutes a qualifying disability under the applicable employment discrimination statutes.  Thus, the critical issue for our review is the Magistrate Judge's recommendation to grant Defendant's Motion for Summary Judgment, specifically, whether or not Lescoe's obesity constitutes a disability that would qualify him for protection under the ADA[1] and PHRA.  *See* 43 P.S. § 955.

Lescoe does not object to the Magistrate Judge's recommendation that Defendant's motion for summary judgment be granted as to Counts IV and V of the complaint.  As we agree with the sound reasoning that led the Magistrate Judge to recommend granting summary judgment on the intentional infliction of

---

[1] The ADA provides, in part, that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).

emotional distress and constructive discharge claims, and because those recommendations are not objected to, we shall adopt these recommendations.

Regarding the Magistrate Judge's recommendation as to counts I through III, to which Plaintiff objects, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations.

### C. De Novo Review

As the United States Supreme Court held in *McDonnell-Douglas Corporation v. Green*, a plaintiff alleging disparate treatment bears the burden of establishing prima facie evidence of discrimination. 411 U.S. 792, 802 (1973). The Third Circuit noted in *Gaul v. Lucent Technologies, Incorporated* that "[a] plaintiff presents a prima facie case of discrimination under the ADA by demonstrating: (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." 134 F.3d 576, 580 (3d Cir. 1998). Thus, before the burden shifts to Defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action, *see McDonnell*

*Douglas Corp.*, 411 U.S. at 802, we must first determine whether Plaintiff satisfied the elements constituting a prima facie disparate treatment claim under the ADA.

The first element of a prima facie disparate treatment claim under the ADA requires the plaintiff to prove that he is disabled within the meaning of the statute. *See Gaul*, 134 F.3d at 580. According to the ADA, "disability" as to an individual means: (1) "a physical or mental impairment that substantially limits one or more major life activities of such individual;" (2) "a record of such an impairment;" or (3) "being regarding as having such an impairment." 42 U.S.C. § 12102(1)(a)-(c). As it does not appear that Plaintiff claims to have a record of disability either in his complaint, opposition brief, counter statement of material facts, or in his objections to the R&R, we will address whether Plaintiff has established that he suffers from a disability under the first or third definition of disability under the statute.

For Plaintiff to prove he is disabled under the first definition above, he must demonstrate that he suffers from "a physical or mental impairment that substantially limits one or more major life activities." *See* 42 U.S.C. § 12102(1)(a). Before discussing what constitutes a "major life activity," it is first necessary to determine whether Plaintiff suffers from a recognized physical or mental impairment. In *Walton v. Mental Health Association*, the Third Circuit noted that "[w]e have not recognized a cause of action against an employer who

discriminates against an employee because it perceives the employee as disabled by obesity." 168 F.3d 661, 665 (3d Cir. 1999), *see also Goodman v. L.A. Weight Loss Ctrs., Inc.*, 2005 U.S. Dist. LEXIS 1455 (E.D. Pa Feb. 1, 2005) (finding that the plaintiff failed to prove that the employer perceived him as being limited in performing work-related duties as a result of his weight). In addition, other district courts in the Third Circuit have noted that "[e]xcept for in rare circumstances, obesity is not considered a disability." *Ni v. Rite Aid*, 2010 U.S. Dist. LEXIS 62531, at *9 (D.N.J. June 22, 2010) (citing *Greenberg v. BellSouth Telecommunications, Inc.*, 498 F.3d 1258, 1264 (11th Cir. 2007); (*E.E.O.C. v. Watkins Motor Lines, Inc.*, 463 F.3d 436 (6th Cir. 2006) (noting that morbid obesity is only an ADA impairment where it has a physiological cause))).

Given the reluctance of our sister courts in the Third Circuit, as well as other circuit courts of appeal, to accept even morbid obesity as a qualifying physical or mental impairment under the ADA, we find the Magistrate Judge's R&R to be well-reasoned. Although Plaintiff objects to the Magistrate Judge's recommendations, his objections and supporting brief provide nothing but conclusory objections that demonstrate few if any reasons the Magistrate Judge erred in the R&R based on the factual record before us. Accordingly, despite Plaintiff's contention that he is disabled within the meaning of the ADA under the

first definition of disability, he nevertheless fails to cite to any physical or mental impairment with which he is afflicted that would qualify him for protection under the statute.

As the Magistrate Judge noted, even if Plaintiff's obesity constituted a qualifying disability within the ADA's definition, Plaintiff fails to highlight those major life activities that were adversely affected by his weight. (Doc. 32 at 32). In fact, contrary to Plaintiff's claims that his obesity affected a major life activity, the record is clear that Plaintiff successfully completed the medical examination required for employment, the five-week training academy required to become a COT, as well as the physical requirements to hold the job such as lifting objects, running from one side of the yard to another, and restraining an inmate. (*Id.*). As a result, we concur with the Magistrate Judge's recommendation that Plaintiff has failed to satisfy the first definition of disability under the ADA.

Concerning the third definition of disability, although Plaintiff contends that Defendant regarded him as having an impairment, the factual record belies any such arguments. As the Third Circuit stated in *Eshelman v. Agere Systems, Incorporated* a person is "regarded as" having a disability if he:

> (1) Has a physical or mental impairment that does not substantially limit major life activities but is treated by the covered entity as constituting such limitation;

> (2) Has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or
> (3) Has [no such impairment] but is treated by a covered entity as having a substantially limiting impairment.

554 F.3d 426, 434 (3d Cir. 2009). Again, as the Magistrate Judge concluded, the fact that Plaintiff successfully completed all of the required medical examinations and physical training courses to become a COT suggests that contrary to his assertions, Defendant did not regard him as having an impairment due to his weight. Furthermore, Plaintiff fails to highlight any evidence supporting Defendant's alleged belief that Plaintiff was somehow disabled because of his weight.

While Plaintiff focuses on Defendant's refusal to transfer him to another position, and that Plaintiff was permitted to sit down when necessary, as evidence that Defendant regarded Plaintiff as being substantially limited in his ability to perform his job, we fail to see how such actions are evidence of the same. (Doc. 34 at 8). We find this argument particularly unconvincing in light of the numerous incidents involving Plaintiff that yielded fact finding sessions and contributed to a variety of performance reviews characterizing Plaintiff's performance as "needs improvement" and "close monitoring required." (*See* Doc. 32 at 26). Moreover, we find it possible that any of these instances could have caused Defendant to

decide not to transfer Plaintiff to another position. Thus, we find Plaintiff's failure to prove that Defendant regarded him as having such an impairment to be fatal to his claim for relief under the ADA and PHRA.

Plaintiff's failure to raise a genuine issue of material fact as to whether weight or obesity qualifies as a disability, as well as his resulting inability to satisfy any of the three definitions of "disability" as set forth in the statute, render his objections to the Magistrate Judge's R&R meritless. Therefore, since Plaintiff has failed to satisfy the prima facie elements of a disparate treatment claim under the ADA and the PHRA, we find it appropriate to grant Defendant's motion for summary judgment.

## IV.   CONCLUSION

Accordingly, for the reasons set forth above, Plaintiff's objections are overruled and the R&R shall be adopted in its entirety. An appropriate Order shall issue.